IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAURENCE R. NYE, | ) | CIVIL NO. 09-00220 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING SECOND |
| | ) | MOTION TO DISMISS THIRD-PARTY |
| vs. | ) | AND CROSS-CLAIM DEFENDANT |
| | ) | UNITED STATES WITHOUT |
| HILO MEDICAL CENTER, | ) | PREJUDICE |
| QUEEN'S MEDICAL CENTER, | ) | |
| TERRY G. SMITH, M.D., and DOE | ) | |
| DEFENDANTS 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| HILO MEDICAL CENTER, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| RALPH BROWN, M.D., DONNA | ) | |
| TING, M.D., STEFAN | ) | |
| HARMELING, M.D., and DOE | ) | |
| DEFENDANTS 1-10. | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING SECOND MOTION TO DISMISS THIRD-PARTY AND CROSS-CLAIM DEFENDANT UNITED STATES WITHOUT PREJUDICE**

# I.  INTRODUCTION

The United States was brought into this action as a third-party defendant by Defendant Hilo Medical Center ("HMC").  HMC sought contribution and/or indemnity against the United States on malpractice claims asserted against HMC by Plaintiff Laurence Nye ("Plaintiff").  Defendant Queen's Medical Center ("QMC") subsequently asserted a cross-claim against the United States as well.

Currently before the court is the Second Motion to Dismiss Third-Party and Cross-Claim Defendant United States ("Motion to Dismiss").  In its Motion to Dismiss, the United States argues that the court lacks jurisdiction over the United States pursuant to the derivative jurisdiction doctrine.  In the alternative, the United States contends that dismissal is required because HMC's third-party claim and QMC's cross-claim are not properly before the court.  The court agrees that the third-party claim and cross-claim are not properly before the court and, based on the following, GRANTS the Motion to Dismiss without prejudice.

# II.  BACKGROUND

On January 23, 2009, Plaintiff filed a Complaint in the Circuit Court of the First Circuit of Hawaii alleging malpractice claims against HMC, QMC, and Terry G. Smith, M.D. ("Smith") (collectively, "Defendants") stemming from their treatment of Plaintiff's low-back disc herniation injury, which allegedly resulted in

2

Plaintiff becoming disabled.  On February 20, 2009, HMC filed a third-party

complaint against Hilo Bay Clinic, Ralph Brown, M.D., Donna Ting, M.D., and

Stefan Harmeling, M.D. because Plaintiff was under their care during his treatment

at HMC.  Hilo Bay Clinic subsequently accepted responsibility for the actions of

its employees and HMC withdrew its third-party claims against the individual

doctors.

Since the outset of Plaintiff's suit, Hilo Bay Clinic, by operation of the

Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g) - (n), has

been covered by the provisions of the Federal Tort Claims Act ("FTCA"),

28 U.S.C. § 2671 *et seq.*  Kubo Decl. ¶ 3.  On May 15, 2009, Hilo Bay Clinic

removed the action to this court pursuant to 28 U.S.C. § 1442(a)(1) because of its

coverage under the FTCA.  Notice of Removal, Doc. No. 1 ¶¶ 4, 6.  On June 18,

2009, the United States substituted itself as a third-party defendant in place of Hilo

Bay Clinic.  Doc. No. 11.

On September 8, 2009, the court remanded Plaintiff's claims against

HMC to the Circuit Court for the First Circuit of Hawaii because HMC is an

agency of the State of Hawaii such that the court lacks jurisdiction over these

claims.  Doc. No. 33.  On August 27, 2009, QMC filed a Motion to Amend/Correct

Answer to Assert Cross-Claim against Third-Party Defendant United States.  Doc.

No. 30.  The United States filed a Statement of No Position, Doc. No. 35, and on

October 9, 2009, QMC filed a cross-claim against the United States.  Doc. No. 43.

On December 23, 2009, the United States filed its Motion to Dismiss

the claims brought against it by HMC and QMC.  HMC and QMC filed

Oppositions on January 15, 2010.  On January 25, 2010, the United States filed a

Reply.  A hearing was held on February 8, 2010.  At the hearing, the court

requested supplemental briefing from the United States, HMC, and QMC on the

issue of the proper basis for removal.  On February 16, 2010, the parties filed their

Supplemental Memorandums.

### III.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss

claims over which it lacks proper subject matter jurisdiction.  The court may

determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule

12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of

a case."  *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195

(9th Cir. 2008).  The moving party "should prevail [on a motion to dismiss] only if

the material jurisdictional facts are not in dispute and the moving party is entitled

to prevail as a matter of law."  *Casumpang v. Int'l Longshoremen's &*

*Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and

quotation signals omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

"[U]nlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined to the four corners of the complaint -- it may consider facts and need *not* assume the truthfulness of the complaint[,]" and the existence of disputed material facts will not preclude the court from evaluating the existence of subject matter jurisdiction. *Americopters, LLC v. Fed. Aviation Admin.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006); *see also Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

## IV.  DISCUSSION

The United States moves to dismiss HMC's third-party complaint and QMC's cross-complaint for lack of subject matter jurisdiction under the derivative jurisdiction doctrine or, in the alternative, because HMC's third-party complaint and QMC's cross-claim do not comply with the Federal Rules of Civil Procedure. The court addresses these arguments in turn.

### A.     Subject Matter Jurisdiction

The United States contends that the court does not have subject matter jurisdiction over it in the present action as a result of the derivative jurisdiction doctrine.  In opposition, HMC and QMC argue that derivative jurisdiction does not

apply, in part because the United States improperly relied on the wrong statutory

basis for removal.  HMC and QMC contend that had this case been removed under

42 U.S.C. § 233 -- as they argue it should have been -- instead of 28 U.S.C. §

1442(a)(1), then the derivative jurisdiction doctrine is inapplicable.  The court

agrees.

### 1.     *Removal*

Prior to the United States' substitution, Hilo Bay Clinic removed the

present case from Hawaii state court pursuant to 28 U.S.C. § 1442(a)(1).  Notice of

Removal, Doc. No. 1 ¶ 4.  Section 1442(a)(1) provides for removal of actions

against "the United States or any agency thereof . . . sued in an official or

individual capacity for any act under color of such office or on account of any

right, title or authority claimed under any Act of Congress. . . ."  In contrast, the

Federally Supported Health Centers Assistance Act provides for an exclusive

Federal Tort Claim Act remedy for medical malpractice by a health care provider

as defined in 42 U.S.C. § 233(g)(1)(A).  Section 233(c) in turn provides for

removal of state court actions brought against entities and their contracting

physicians and health care providers who are deemed employees of the federal

Public Health Service.  Section 233 covers claims against "any commissioned

officer or employee of the Public Health Service while acting within the scope of

his office or employment" and provides that "[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed . . . ." 42 U.S.C. § 233(a), (c).

HMC and QMC correctly contend that § 233, and not § 1442, was the proper basis for removal in the present action.  As Hilo Bay Clinic acknowledged in the Notice of Removal, "Hilo Bay Clinic, by operation of the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g) - (n), has been covered . . . by the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*"  Notice of Removal, Doc. No. 1 ¶ 6.  Accordingly, the actions of Hilo Bay Clinic and its employees were precisely within the removal jurisdiction of § 233.  In fact, but for § 233 and Hilo Bay Clinic's designation as a federal entity under that law, Hilo Bay Clinic could not have removed the action to this court.  Given that § 233 specifically applied to this action, removal under the more general § 1442 was improper.  *See Gozlon-Peretz v. United States*, 498 U.S. 395, 396 (1991) (noting that "a specific [statutory] provision controls one of a more general application").

## 2.   *Amending the Terms of Removal*

Given the court's determination that this case was improperly

removed pursuant to § 1442 instead of § 233, the court must determine the impact of Hilo Bay Clinic's reliance on an improper basis for removal.  After a status conference, the parties agreed that the court may amend the defective allegation of jurisdiction pursuant to 28 U.S.C. § 1653.[1]  Therefore, pursuant to § 1653, the court treats the Notice of Removal as stating § 233 as a basis for this court's jurisdiction.  *See Thompson v. Wheeler*, 898 F.2d 406, 409-410 (3d Cir. 1990) (finding that the case may have been removed pursuant to the wrong statute and relying on § 1653 to construe removal as having been effected under 28 U.S.C. § 2679(d), in addition to § 1442).

Accordingly, the court construes the Notice of Removal as being made pursuant to § 233 and determines that the court therefore has removal jurisdiction.

### 3.    *Derivative Jurisdiction*

The United States contends that even if removal took place under § 233, the derivative jurisdiction doctrine applies and, as a result, the court lacks subject matter jurisdiction.  Having clarified the question of its removal jurisdiction, the court now considers whether the court has subject matter

---

[1]  In so agreeing, the United States preserved its argument that § 1442 was the proper basis for Hilo Bay Clinic's removal.  *See* Doc. No. 84.

jurisdiction over the claims removed pursuant to § 233.

a.   *Derivative jurisdiction framework*

The Supreme Court outlined the derivative jurisdiction doctrine in

*Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. 377 (1922).

The Court explained that "[t]he jurisdiction of the federal court on removal is, in a

limited sense, a derivative jurisdiction.  If the state court lacks jurisdiction of the

subject-matter or of the parties, the federal court acquires none, although it might

in a like suit originally brought there have had jurisdiction."  *Lambert*, 258 U.S. at

382; *see also Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) ("In the area

of general civil removals, it is well settled that if the state court lacks jurisdiction

over the subject matter or the parties, the federal court acquires none upon

removal, even though the federal court would have had jurisdiction if the suit had

originated there." (citations omitted)).  Derivative jurisdiction thus requires a

federal court to dismiss for lack of subject matter jurisdiction if it determines that

the state court, prior to removal, lacked jurisdiction.  *In re Elko County Grand

Jury*, 109 F.3d 554, 555 (9th Cir. 1997); *Ethridge v. Harbor House Rest.*, 861 F.2d

1389, 1392 n.3 (9th Cir. 1988).

Since *Lambert*, Congress has limited the reach of the derivative

jurisdiction doctrine.  In 1985, Congress abolished derivative jurisdiction with the

9

enactment of 28 U.S.C. § 1441(e), which provided that "[t]he court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."  In 2002, Congress revived derivative jurisdiction by restricting the scope of § 1441(e), which it renumbered and amended to state: "The court to which such civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."  28 U.S.C. § 1441(f) (emphasis added).  As a result of this amendment, "for no apparent policy reason, new § 1441(f) limits the abrogation of the derivative jurisdiction doctrine to cases removed under 28 U.S.C.A. § 1441."  14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Fed. Prac. & Proc. § 3721.

> b.   *Derivative jurisdiction application*

The United States contends that the state court had no jurisdiction prior to removal of the present action and, as a result, the derivative jurisdiction doctrine mandates dismissal for lack of subject matter jurisdiction.  The court disagrees.

The United States correctly contends that this court has exclusive

jurisdiction of the claims against the United States in this suit.  "It long has been established, of course, that the United States, as sovereign, is immune from suit save as it consents to be sued . . . ."  *United States v. Testan*, 424 U.S. 392, 399 (1976) (citations and quotations omitted).  The United States' consent to be sued may only be expressed by an act of Congress and the waiver must be unequivocal. *Id*.  For negligent tort action claims, such as those at issue in the present case, Congress has waived sovereign immunity.  28 U.S.C. § 1346(b)(1).  Congress' waiver is limited, however, because it provides that United States district courts "shall have exclusive jurisdiction of civil actions on claims against the United States."  *Id*.  Thus, although the United States can be sued in conjunction with this negligent tort action, it cannot be sued in the state court.

Despite the fact that the United States cannot be sued in the state court in the present action, the statutory provisions of the FTCA demonstrate an intent to allow tort claims against the United States to proceed in federal court even when, as in the present case, they were initially filed in the state court.  In short, the "FTCA contemplates actions brought in state courts against federal employees." *Jackson v. S.E. Penn. Trans. Auth.*, 727 F. Supp. 965, 968 (E.D. Pa. 1990);[2] *see*

---

[2] *Jackson v. Southeastern Pennsylvania Transportation Authority*, 727 F. Supp. 965 (E.D. Pa. 1990), interprets 28 U.S.C. § 2679, and not § 233.  *Jackson* is persuasive, however, because both sections are similarly worded and concern removal of FTCA claims against the

(continued...)

*also Thompson*, 898 F.2d at 410 (finding that the district court might not have had subject matter jurisdiction if the action had been removed pursuant to § 1442, but construing removal pursuant to § 2679 and determining that the court did have subject matter jurisdiction).

As discussed above, § 233(c) provides that upon certification, a qualifying case "shall be removed without bond at any time before trial by the Attorney General to the district court . . . and the proceeding deemed a tort action brought against the United States pursuant to the provisions of Title 28 and all references thereto."  The derivative jurisdiction doctrine would render this provision nonsensical if all actions so removed were dismissed for lack of subject matter jurisdiction pursuant to the derivative jurisdiction doctrine.  *See McGowan v. Williams*, 623 F.2d 1239, 1242 (7th Cir. 1980) ("Although the [FTCA] remedy against the United States is exclusively federal, Congress anticipated that state suits would continue to be filed.").  As a result, "[t]he caselaw in this area overwhelmingly supports the proposition that subject-matter jurisdiction exists" in an FTCA case, such as this one, removed from the state court.  *Jackson*, 727 F. Supp. at 968.

---

[2](...continued)

United States.  *See Lowery v. Reinhardt*, 2008 WL 550083, at *5 n.10 (E.D. Cal. Feb. 27, 2008) (noting the similarity between § 2679 and § 233 and examining § 2679 in a case removed under § 233).

Accordingly, the court finds that the derivative jurisdiction doctrine does not apply and, as a result, the court has subject matter jurisdiction over the present action.

## B.    Alternative Procedural Arguments

In the alternative, the United States contends that the court should dismiss HMC's third-party complaint and QMC's cross-claim against the United States because they are procedurally defaulted.  The court considers these arguments in turn.

### 1.    HMC and Rule 14

The United States contends that HMC's third-party complaint against it was extinguished when the court remanded Plaintiff's claims against HMC to the state court.  The United States bases its argument on the language of Federal Rule of Civil Procedure 14, which provides that "a defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  Thus, the United States contends that HMC's third-party complaint was extinguished because HMC ceased to be a "defending party" as a result of the remand.

Pursuant to Rule 14, a third-party claim may be asserted only when "the third party's liability is in some way dependent on the outcome of the main

claim and is secondary or derivative thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199-200 (9th Cir. 1988) (citing *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983)). As originally formulated, Rule 14 allowed impleader when a defendant alleged that a third party might be liable directly to the plaintiff. That provision was deleted in 1946, however, and now a third-party claim "cannot simply be an independent or related claim, but must be based upon plaintiff's claim against defendant." *Id.* at 200 (citations omitted). As a result,

> [t]he crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

*Id.* (citations omitted); *see also Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) ("For impleader to be permitted under Rule 14, the third-party plaintiff's claim must be dependent upon the outcome of the main claim.").

*American Zurich Insurance v. Cooper Tire & Rubber Co.*, 512 F.3d 800 (6th Cir. 2008), affirmed the district court's dismissal of a third-party complaint following a post-settlement dismissal of the plaintiff's claim against the original defendant. Although the third-party complaint had been "entirely proper" when it was filed, the court found that "once the underlying action was settled, the

continuing viability of [the original defendant's] third-party complaint, as a

derivative action, came under question . . . ." *Am. Zurich Ins.*, 512 F.3d at 806.

After the settlement, the court found that it was "well within the district court's

discretion" to dismiss the third-party complaint because the main claim between

the plaintiff and the defendant was no longer at issue:

> The third-party complaint is in the nature of an indemnity
> or contribution claim.  Accordingly, it is rare that a court
> renders judgment in favor of the defendant or dismisses
> the underlying action but nonetheless chooses to address
> a third-party claim.  Ultimately, a court has the discretion
> to dismiss a third-party claim after the original claims of
> the plaintiff have been settled, and relegate the third-
> party plaintiff to a separate suit.

*Id.* at 805-06 (citations omitted).

Further, *American Zurich Insurance* found dismissal particularly

appropriate because the original parties settled before resolving the validity of a

particular contract endorsement that was the basis of the third-party complaint.

Without a resolution of this central issue, "no basis for recovery remain[ed] in the

third-party complaint."  *Id.* at 806.  Thus, dismissal was appropriate because the

third-party defendant's liability could not be determined based on the outcome of

the original claim asserted by the plaintiff.

In the present case, prior to remand of Plaintiff's claim against HMC,

the third-party complaint was entirely proper -- at that time, HMC alleged that the

United States was derivatively liable to it in the event that HMC was liable to Plaintiff.  Now that Plaintiff's claims against HMC are no longer a part of this suit, however, HMC's third-party claim against the United States is no longer based on any claim asserted by Plaintiff against a defending party.  The mere fact that the alleged third-party claim against the United States arises from the same transaction or set of facts as Plaintiff's state court claim against HMC is not enough to maintain the third-party complaint.

The court therefore exercises its discretion and dismisses HMC's third-party complaint without prejudice.  As in *American Zurich Insurance*, the issue central to HMC's third-party complaint -- *i.e.*, the extent of HMC's liability, if any -- was not resolved prior to remand of Plaintiff's claims against HMC.  Now that this central issue cannot be resolved in the present case, no basis for recovery remains in the third-party complaint.  Accordingly, the court finds that HMC's third-party claim against the United States may not proceed in this case.

In opposition, HMC contends that Rule 14(a) is not intended to apply retroactively.  Thus, because HMC was a defending party at the time it filed its third-party complaint against the Untied States, HMC contends that later developments -- including remand of Plaintiff's claims against HMC to the state court -- do not impact the status of HMC's third-party complaint against the United

16

States.  The court agrees with *American Zurich Insurance* -- events after an appropriately filed third-party complaint may render the dismissal of a third-party complaint appropriate.  Without the main claim between Plaintiff and HMC before it, the court will not address the transfer of liability from HMC to the United States regardless of whether that third-party claim was originally filed appropriately.

In further opposition, HMC relies on *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 390-91 (1988), contending that HMC's invocation of Eleventh Amendment immunity does not destroy the court's jurisdiction over HMC's third-party complaint.  Although *Wisconsin Department of Corrections* held that the presence of claims that are barred by Eleventh Amendment immunity does not destroy removal jurisdiction that otherwise exists, it addressed neither third-party claims nor Rule 14.  Further, the United States does not contend that removal jurisdiction was destroyed in this case.  Instead, the United States' argument -- and the court's holding -- hinge on the language and purpose of Rule 14.

In sum, the court dismisses HMC's third-party complaint against the United States.

### 2.    *QMC and Rule 13*

The United States argues that QMC's cross-claim against the United

17

States should be dismissed because the cross-claim was improperly brought

pursuant to Federal Rule of Civil Procedure 13.  Rule 13 states that a cross-claim

may be stated "by one party against a coparty if the claim arises out of the

transaction or occurrence that is the subject matter of the original action . . . ."  Fed.

R. Civ. P. 13(g).  The United States contends that it is not a "coparty" with QMC --

as required by Rule 13 -- because the United States and QMC are not co-

defendants and do not otherwise share like status in the present suit.

       The Ninth Circuit has not addressed the definition of "coparty" for the

purposes of Rule 13, and other courts that have considered the issue have reached

divergent conclusions.  *Compare Murray v. Haverford Hosp. Corp.*, 278 F. Supp.

5, 7 (E.D. Pa. 1968) (dismissing cross-claims filed by defendants against a third-

party defendant because the parties were not "coparties" within the meaning of

Rule 13(g)), *and Asher v. Unarco Material Handling, Inc.*, 2008 WL 130858 at *3-

4 (E.D. Ky. Jan. 10, 2008) (dismissing cross-claim filed by a defendant against a

third-party defendant), *with Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 652

(5th Cir. 1999) (finding that third-party defendants are not barred from filing cross-

claims against original defendants).  Although courts have reached differing

results, the court agrees that "the rule that best reflects the original intent of the

cross-claim provision was stated by the court in *Murray v. Haverford Hospital*

*Corporation*."  6 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. § 1431 (2d ed.).  Specifically, the court agrees that "Rule 13(g) was intended to regulate cross-claims between 'co-parties' and contemplated that such cross-claims should be asserted against parties having like status, such as, co-defendants."  *Id.* (quoting *Murray*, 278 F. Supp. at 6); *see also Int'l Paving Sys v. Van-Tulco, Inc.*, 866 F. Supp. 682, 695 (E.D.N.Y. 1994) (finding that a defendant and a third-party defendant are not "coparties" and that "[t]his interpretation of the term 'co-party' has been regarded as the rule that best reflect the original intent of Rule 13").

        The *Murray* rule best reflects the intent of the Federal Rules of Civil Procedure -- a plain reading of the rules does not permit a cross-claim between an original defendant and a third-party defendant.  Instead, Rule 14(a)(1) permits a defending party to answer a claim against a third party by filing a third-party complaint.  An expansive reading of the term "coparty" in Rule 13(g) would obviate the requirements of Rule 14 by permitting original defendants to proceed against third-party defendants simply by filing a cross-claim under Rule 13(g), rather than a third-party complaint under Rule 14.  The distinction is significant because Rule 14, unlike Rule 13, requires service of a summons and complaint and leave of court to proceed if the third-party complaint is filed more than fourteen

19

days after service of the original answer.  Fed. R. Civ. P. 14(a)(1).  Additionally, the limitations in Rule 14(a)(2)(B) -- which permits a third-party defendant to file a cross-claim only against another third-party defendant -- further suggest that the rules do not contemplate cross-claims between original defendants and third-party defendants.

In opposition, QMC does not address the procedural argument on the merits.  Instead, QMC contends that the United States waived any defect in QMC's cross-claim.  QMC provides no support for this argument.  The United States' objection is procedural, not substantive, and was not waived by its Statement of No Position in response to QMC's Motion to Amend/Correct Answer to Assert Cross-Claim Against Third-Party Defendant Untied States of America.  Doc. No. 35.

In sum, the court finds that QMC is limited by the language of Rule 13(g) and can only assert a cross-claim against a co-party with like status.  Because QMC and the United States are not co-parties with like status, the court determines that QMC improperly asserted its cross-claim.  Accordingly, QMC's purported cross-claim is dismissed, without prejudice, for failure to state a claim against a co-party.

## C.      Supplemental Jurisdiction

Given the court's dismissal of HMC's third-party complaint and

QMC's cross-claim, the only claims remaining in this suit are those raised by

Plaintiff against QMC and Smith.  These are state law claims over which the court

has only supplemental jurisdiction.  To the extent that Plaintiff seeks supplemental

jurisdiction over these state law claims, the court "may decline to exercise

supplemental jurisdiction . . . if . . . the district court has dismissed all claims over

which it has original jurisdiction."  28 U.S.C. § 1367(c).  "[W]hen deciding

whether to exercise supplemental jurisdiction, 'a federal court should consider and

weigh in each case, and at every stage of the litigation, the values of judicial

economy, convenience, fairness, and comity.'"  *City of Chicago v. Int'l Coll. of

Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484

U.S. 343, 350 (1988)).

Given the current posture of the case, including the remand of HMC

to the state court, the court declines to exercise this supplemental jurisdiction and

remands the case to the state court.  28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264

F.3d 817, 826 (9th Cir. 2001).  Judicial economy, convenience, fairness, and

comity weigh in favor of declining jurisdiction over Plaintiff's state law claims.

# V.  **CONCLUSION**

Based on the above, the court GRANTS the Motion to Dismiss.  As a result of this Order, HMC's third-party complaint against the United States and QMC's cross-claim against the United States are DISMISSED without prejudice. Because this court declines to exercise supplemental jurisdiction over the remaining claims, the court REMANDS Plaintiff's remaining state law claims against QMC and Smith to the First Circuit Court, State of Hawaii, and all pending motions before this court are deemed moot.

The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 11, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Nye v. Hilo Med. Ctr.*, Civ. No. 09-00220 JMS/KSC, Order Granting Second Motion to Dismiss Third-Party and Cross-Claim Defendant United States Without Prejudice